UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Commissioner of Social Security, <br><br> Defendant. | Case No.: 21cv1296-MDD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** <br><br> [ECF No. 4] |

On July 20, 2021, Juanita R. ("Plaintiff") filed this social security appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of Plaintiff's application for Social Security Disability benefits. (ECF No. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2). Plaintiff filed an amended motion to proceed IFP on July 20, 2021. (ECF No. 4). For the reasons set forth herein, the Court **GRANTS** Plaintiff's amended motion to proceed IFP.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus,

1 must pay a filing fee of $400.¹  *See* U.S.C. § 1914(a).  An action may proceed
2 despite plaintiff's failure to prepay the entire fee only if plaintiff is granted
3 leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*,
4 169 F.3d 1176, 1177 (9th Cir. 1999).  "To proceed [IFP] is a privilege not a
5 right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  A party need not
6 be completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours &*
7 *Co.*, 335 U.S. 331, 339-40 (1948).

8  Here, Plaintiff's affidavit sufficiently shows she is unable to pay the fees
9 or post securities required to maintain this action.  Plaintiff has had no
10 employment for at least the past two years and has no money in bank
11 accounts or in any other financial institution.  (ECF No. 4 at 2).  Her sole
12 asset is a car valued at $16,000.  (*Id.* at 3).  Plaintiff's only monthly income is
13 from public assistance and child support payments.  (*Id.* at 1-2).  Specifically,
14 Plaintiff reports that she receives monthly assistance fron CalWORKS public
15 assistance ($630.00), CalFresh food stamps ($400.00), and child support
16 payments ($50.00).  (*Id.*).  Plaintiff explains that she currently relies on
17 rental assistance to cover 75% of her rent.  (*Id.* at 5).  Since Plaintiff reports
18 her rent is $1,280.00, the Court estimates Plaintiff receives $960.00 per
19 month in rental assistance.  (*Id.* at 4).  Plaintiff's monthly income from these
20 sources totals $2,040.00.

21  Plaintiff declares that her monthly expenses for rent, food, clothing,
22 laundry, transportation, and cell phones amount to $2,070.00.  (*Id.* at 4-5).
23 Plaintiff has a 16-year-old daughter who relies on her for support.  (*Id.* at 3).
24 Plaintiff's affidavit sufficiently demonstrates an inability to pay the required

---

¹ In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $52.00.  *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52.00 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

filing fee without sacrificing the necessities of life. *See Adkins*, 335 U.S. at 339-340. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP. Additionally, the Court has reviewed Plaintiff's complaint and concludes it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: July 21, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge